W. E. MULLENS *et al. v.* TOWN OF CORINNE

(No. 7206)

Submitted May 24, 1932.    Decided May 31, 1932.

*Russell S. Ritz,* and *John R. Pendleton,* for plaintiffs in error.

*Bailey & Shannon,* for defendant in error.

HATCHER, PRESIDENT:

In this proceeding petitioners seek to have the charter of the town of Corinne in Wyoming County forfeited under Code 1931, 8-2-13, charging failure to exercise its corporate powers and privileges for more than one year. The circuit court dismissed the petition, and an appeal was granted the petitioners.

There are no material facts in controversy. In 1921, the town was incorporated by Miller-Pocahontas Coal Company for its own protection, the boundaries of the town being coincident with the lease of the company. Elections of officers were held in 1922, in 1923 or 4, in 1925 or 6, and in 1930. The coal company suspended business in 1930, and the municipality lost its incentive to function. A town meeting was called by someone to nominate candidates for an election in June, 1931, and only three persons attended. The meeting was adjourned for the purpose of securing a larger attendance but only two persons attended the second meeting, the mayor and the town sergeant.

The corporate limits extend along Winding Gulf Creek for a distance of approximately two and a half miles. At the upper end of the boundary is a settlement locally known as Allen Junction; at the lower end of the boundary is a settlement known as Corinne. Only the citizens residing in the lower end of the boundary were registered as voters and participated in the several elections. The persons selected for the town council at the elections were not assessed with and paid no taxes on property within the town. From 1922

to 1930, it collected taxes from the Virginian Railway Company, the Chesapeake & Potomac Telephone Company and the Appalachian Power Company but from no other corporation or individual. These taxes were paid out almost entirely in salaries to the mayor, the recorder, the town sergeant and the councilman. (An audit of the accounts of the town from April 1, 1928, to June 30, 1930, shows that $802.00 was paid to councilmen alone during that period.) Only a trifling amount was ever expended by the council for the benefit of the municipality as such. There were no health or fire departments, no light, water or sewer systems except as provided by the coal company. The only street in the town was a part of the state highway system and was maintained by the state road commission.

Failure to include the voters at Allen Junction in the municipal elections violated section 19, chapter 47, Code 1923. Failure to hold elections annually violated section 17 of that chapter. Failure of the members of the council to pay taxes on property within the town made them ineligible to serve, and violated section 13. Payments of salaries to councilmen violated section 42. Collection of taxes from the three utilities while failing to tax other property owners within the town violated Article X, section 9 of the Constitution.

So, it appears that the town has failed, not only for one year but consistently since it was chartered, to exercise most of the powers and privileges of a municipality, and those it has exercised have been in violation of law. A municipality is designed to promote the interests of the people generally within its territory. When it promotes only a few and benefits them in an illegal manner, its corporate existence should be terminated.

The decree of the circuit court is accordingly reversed and an order entered here forfeiting the charter.

*Reversed; entered.*